M'dNNIS, Judge.
Plaintiff seeks to collect a note signed by defendant on which there is a balance due of $236.86 with interest and attorney’s fees. Defendant called Roth and Kyles, a partnership composed of R. C. Roth and Eddie Kyles in warranty, alleging that in an automobile trade with warrantors, payment of the note sued on was assumed by the partnership.
Warrantor answered the call in warranty alleging that the note sued on was paid in full by R. C. Roth (one of the partners) and that plaintiff gave a satisfaction of mortgage and lien, which was forwarded to the State of Louisiana in order to clear the title to the automobile.
After the trial judgment was rendered in favor of the plaintiff and against the defendant as prayed for, and in favor of defendant and against the warrantor for the same amount.
From the judgment only warrantor has appealed by perfecting a devolutive appeal.
According to the record defendant purchased a 1940 model Mercury automobile from Morris Buick Company on May 31, 1951, and in connection with the purchase, executed a chattel mortgage and a note for $407.76, payable in installments of $33.98 monthly, and by December 1, 1951 had paid it down to the sum of $237.86. About that time he traded the Mercury to war-rantor for a Kaiser automobile, and gave a chattel mortgage and note for $747.60 which note plaintiff purchased from war-rantor.
Warrantor admits by its answer that it agreed to pay the balance due on the note 'sued on. In fact the defense is that the note was paid, in cash at the time the affidavit of satisfaction was signed, which was December 3, 1951. This affidavit, so far as pertinent here is as follows:
“The undersigned certifies that the amount of the note has been satisfied and relinquishes any claim to the above described vehicle and that the note has been or will be clearly marked paid,, and guarantees that the Commissioner of Motor Vehicles of the State of Louisiana will be held harmless in the-event said note should get into the hands of an innocent third party without being so marked.”
This affidavit was executed by C. E„ Christian, credit manager for plaintiff. He has no independent recollection of signing this affidavit, but says it is his signature. He explains that the notes of plaintiff are kept in a bank in St. Louis, and it is usually seven to ten days after a note is paid before it can be delivered.
He explains the issuance of the satisfaction of mortgage affidavit without actually receiving pay for the note by saying that this is customarily done for dealers to enable them to get quick action on applications for new title certificates, and they are allowed a day or so to pay the note, and that was what was done in this .case, but that warrantor never paid the note. He also testified that when warrantor called him about handling the second note, he advised that the net amount due on the first note at that time was $202.95, the difference being prepaid interest and insurance. The fact that the note had not been paid did not come to his attention until January 16, 1952, and at that time he says he called either Mr. Roth or Mr. Kyles and told him the note had not been paid, and whichever one he talked to said, “You are right, we didn’t pay you off. I will be over tomorrow and pay you.”
The two. partners of warrantor testified that prior to January 1, 1952 they had no bank account, handling all transactions in cash. Mr. Kyles says Mr. Roth handled this transaction, but that his records show the note was paid. It appears that they kept few records.
*377 Mr. Roth says he went to plaintiffs office about December 6, 1951 and picked up the check and paid the old note. He says the amount was two hundred thirty some odd dollars, he does not recall the exact amount, nor the man he paid, but he does not believe it was Mr. Christian. He had no discussion about when he would get the ■note.
One pleading payment carries the burden of proving that he paid the debt. The testimony as to payment in this case is unsatisfactory. Warrantor apparently kept very skimpy records, and none were produced
The lower court saw and heard the witnesses testify, and on a question of fact is in better position to judge the credibility ■of the witnesses than we are. He has resolved the facts against the contention of warrantor, and his finding of fact is not to be disturbed unless it be found that he is manifestly in error, and we do not so find in this case.
For these reasons the judgment of the City Court of Shreveport is affirmed at the cost of warrantor-appellant in both courts.