FRUGÉ, Judge.
This and a companion case, Bradford v. Griffin, No. 1872, 193 So.2d 864, were consolidated for appeal to this court, and since identical issues of law and fact are presented, will both he discussed in this opinion.
The Griffins, husband and wife, were engaged in some business venture and in order to finance their business activities borrowed substantial sums of money from the plaintiff. To secure these periodic advances, the plaintiff, received promissory notes, most of which were signed by the defendant-husband but one of which was signed by the wife. In the course of the transactions between the plaintiff and the defendants, the following notes were received by the plaintiff and were held by him at the time of the trial:
1. $2,000.00 note dated 3/5/63, due on or before 90 days.
2. $1,000.00 promissory note dated 6/5/63, due on demand.
3. $3,000.00 promissory note dated 6/26/63, due on demand.
4. $5,500 promissory note dated 6/26/63, due on demand.
5. $1,200.00 promissory note dated 3/25/64, due on demand.
All of the notes except Note No. 4 ($5,-500) were signed by the husband alone. Note No. 4 is signed by the wife alone, and was received by the plaintiff as additional or further security for the loans he had made to the husband. In the present suit (No. 1871) the plaintiff is suing the husband on Note No. 3. In the companion suit (No. 1872), the plaintiff is suing the wife on Note No. 4 executed on the same date and as additional security.
In the course of trial of each suit, when the plaintiff sought to introduce the entire series of notes in evidence, the defendant objected in each case, arguing that the plaintiffs suit was based upon Note No. 3 in the present suit, and Note No. 4 in the companion suit (1872), and that the introduction of Note No. 5, executed almost a year after the notes sued upon, was beyond the scope of the pleadings in the present suits. The trial judge admitted the evidence subject to the defendants’ objection and found that a balance of $1,600.00 was due on the debt owed by the husband and wife. Judgment was rendered in favor of the plaintiff and against each defendant for $1,600.00, with the proviso that the payment and satisfaction of either $1,600.00 judgment would discharge the other judgment.
At the outset, we feel it proper to state that despite the defendants’ argument to the contrary, the trial judge’s award of two $1,600.00 judgments against separate persons representing the same debt, with the proviso that the payment of one would discharge the other, was entirely correct. See Bonacorso v. Turnley, 98 So.2d 295 (La.App.1st Cir. 1957).
On appeal from these judgments the defendants urge:
1. That the plaintiff failed to prove the amount of the debt because he was unable to state in any manner how much had been repaid by the defendants or on which notes-the payments were imputed; and
2. That although evidence of Note No. 5 in the amount of $1,200.00 was improperly admitted and beyond the scope of the pleadings, the plaintiff admitted that the $1,-600.00 balance due included the $1,200.00' note not sued on; that defendants did not defend on said $1,200.00 note because it was not sued on; that defendants have a defense to said note which they should be allowed to present if and when that note is sued on; that the judgment for $1,600.00 against them includes the $1,200.00 note and if this judgment stands they will be forever debarred from presenting their defense thereto; that since the $1,200.00 note is included in the $1,600.00 judgment, it *864 should not be for more than $400.00 in any event.
With regard to the defendants’ assertion that the plaintiff failed to carry the burden of proving his claim, we agree that the evidence presented by the plaintiff and the records that he kept during the entire transaction with the defendants were woefully inadequate, but, as we appreciate the Law of Negotiable Instruments, it is not the plaintiff who bears the burden of proof in this case. Rather, the burden is on the defendants to prove that they paid more of the debt than admitted by the plaintiff. R.S. 7:119; General Contract Purchase Corporation v. Rumby et al., 66 So.2d 375 (La.App.2d Cir. 1953).
On their second contention, the defendants argue strongly that the evidence on which the trial judge found that a total balance of $1,600.00 was due the plaintiff was in part outside the scope of the pleadings.
In deciding this issue, we have, examined the record with care and are compelled to the conclusion that the evidence as to whether the $1,600.00 allegedly due includes the $1,200.00 note not sued on is insufficient to enable us to reach a proper result. The testimony of the plaintiff as to how much was paid and upon which obligation the payments were made is conflicting and impossibly confusing. Combined with the multiple and complex pleadings filed by both parties, this testimony reduces any factual conclusion which we might reach to mere conjecture and speculation. Therefore, with the evidentiary inadequacies of the present record in mind, we hereby exercise the much discretion granted this court in disposing of an appeal and remand the case to the lower court for a full hearing. C.C.P. Art. 2164. In so doing, we expressly grant to either party the right to amend the pleadings in these suits so that evidence of all the defendants’ obligations to the plaintiff, and any defenses thereto, may be admitted.
For the foregoing reasons, the judgment of the district court is hereby reversed and the case remanded for further proceedings below not inconsistent with the views herein expressed. The costs of this appeal are to be borne by the appellant.
Reversed and remanded.