MILLER, Judge.
Mrs. Minnie Mae Ross seeks to be declared the owner of certain Rapides Parish property which was acquired during her marriage to defendant Q. P. Justice. She contends that a cash sale from defendant Justice to defendant Frank Reynolds is null because it was an attempt to defraud her rights. She also seeks recognition of a Colorado decree ordering defendant Justice to convey the property to her and alternatively to be decreed the owner of an undivided one-half of the property. She also seeks recovery of revenues received by defendants for rental of the property.
Plaintiff originally alleged that the sale was a simulation, but in August, 1967 filed an amending petition to contend only that defendants “knowingly entered into the purported conveyance in collusion * * * in an attempt to defraud plaintiff.” The trial court sustained defendants’ objections to testimony tending to show a simulation in that defendants themselves did not recognize the sale until after this suit was filed. This ruling was based on the fact that plaintiff withdrew the allegation that the sale was a simulation and that particular facts of fraud were not alleged in the petition. During trial, plaintiff sought to amend the petition to allege a simulation and particularize acts tending to show a simulation, but defendants’ objection was sustained on the ground that this would change the issues and would require a continuance. See LSA-C.C.P. Article 1151; Brooks v. Fondren, 199 So.2d 588 (La.App. 3d Cir. 1967).
The case then was tried ón the issue of frattd without any material factual allegation of fraud. The Court correctly excluded evidence of fraud not based on pleadings setting forth clear and definite facts and circumstances. LSA-C.C.P. Art. 856; Loeb v. Badalamenti, 192 So.2d 246 (La.App. 4th Cir. 1966); Succession of Guidry v. Bank of Terrebonne & Trust Co., 193 So.2d 543 (La.App. 1st. Cir. 1966).
Fraud is never presumed and one alleging it must prove it by legal and convincing evidence. The proof must be stronger than mere predominance of evidence. Buxton v. McKendrick, 223 La. 62, 64 So.2d 844 (1953).
The trial court held that plaintiff had not alleged nor proved any factual acts of fraud committed by either defendant. Plaintiff has appealed, assigning as error:
“(1) Failure to dispose of the peremptory exception raising the objection of no cause of action at the time of reasons for Judgment.
“(2). Alternatively, if the peremptory exceptions are disposed of by inference in the Trial Court’s written reasons, the Court has committed reversible error by denying to plaintiff the remedy provided by Code of Civil Procedure, Article 934, to the effect that the Court should have permitted amendment, or dismissed the suit.
“(3) Failure by the Court to permit filing of the Second Amending and Supplemental Petition as a pleading alleging with greater particularity the specific factual matters of fraud and simulation.
*758 “(4) Exclusion of evidence of simulation as being beyond the pleadings after the Second Amending and Supplemental Petition was tendered for filing.”
Since appellant has not questioned the trial court’s finding that no fraud was proved; we limit our consideration to the questions raised.
The exceptions of no cause of action were filed by defendants in open court on the day the trial began. Arguments were heard prior to the taking of evidence and the trial court took the exceptions under advisement and proceeded with the trial on the merits. The case was decided on the merits without any ruling on the exceptions.
Plaintiff contends that had the trial court ruled on the exceptions and there held (as it did on the merits) that the petition did not allege facts on which plaintiff based its claim of fraud, then the court would have had to grant plaintiff additional time within which to amend the pleadings. LSA-C.C.P. Art. 934; Succession of Guidry v. Bank of Terrebonne & Trust Co., 193 So.2d 543 (La.App. 1st Cir. 1966).
Defendant points out that they have not objected to the trial court’s failure to rule on the exceptions which they filed.
We find no merit to appellant’s first two contentions. The exception of no cause of action can be filed at any stage of the proceedings. When it is filed, plaintiff does not acquire rights which it did not previously have. The trial court had every right to take the exceptions under advisement. Since the exceptions were filed on the day of trial, it was entirely proper to proceed with the trial of the case on the merits. Since exceptor was successful on the merits, there was no need for the court to consider the exceptions.
The third and fourth specifications of error are concerned with the correctness of the trial court’s refusal to allow the filing of the amended petition during the course of the trial.
When the petition was filed in July of 1967, plaintiff alleged that the sale was a simulation. On August 21, 1967, plaintiff amended the petition removing from the petition any reference to a simulation and alleged instead that “* * * Reynolds knowingly entered into the purported conveyance in collusion with the said Q. P. Justice in an attempt to defraud plaintiff.” The case was pretried on August 21, 1968, and the trial court prepared a pretrial order setting forth the issues and contentions of both parties. This was filed for record August 27, 1968.
Both defendants live in Alabama and plaintiff resides in California. The January 13, 1969 trial date was assigned on August 21, 1968.
The Second Amending and Supplemental Petition was offered on the first day of the trial, immediately following the noon recess. By this amendment plaintiff sought to allege that the act of sale was “in fact a simulation, in that:
“(a) No consideration was paid by defendant, Frank Reynolds to defendant, Q. P. Justice;
“(b) That defendant, Q. P. Justice continued in constructive possession of the property allegedly conveyed;
“(c) That defendant, Q. P. Justice continued to manage the property in his own name, to carry insurance in his own name, and to collect rent for the property in his own name;
“(d) That defendants Q. P. Justice and Frank Reynolds have agreed that Frank Reynolds would re-convey the *759 property to Q. P. Justice at a future time.”
When this amendment was offered, defendants objected and the trial court properly observed that this amendment would change the issues before the court. Leave of Court was required before the amended pleading could be filed. LSA-C.C.P. Art. 1151.
We find that the trial judge did not abuse his discretion in refusing to allow the amendment. Brooks v. Fondren, 199 So.2d 588 (La.App. 3d Cir. 1967).
On the other hand, the evidence admitted on the issue of fraud substantially supports plaintiff’s contention that the sale was a simulation. Justice and Reynolds are brothers-in-law who live in the same city, and on one occasion, lived in the same home. The consideration was allegedly paid in cash. Vendee admitted that he intended to sell the property back to vendor at a later date. After the sale, vendor continued to receive rentals from the property, and continued his name as the insured on the fire and casualty insurance policy.
Since the issue of simulation was not before the court, defendant was not called on to rebut this line of testimony.
Although we find no abuse of discretion by the trial court (in refusing to allow plaintiff to file the amended petition), under the circumstances of this case, the interest of justice requires that plaintiff be granted an opportunity to have her day in court on the issue of simulation. LSA-C.C.P. Art. 2164, Keller Construction Corp. v. George W. McCoy & Co., 239 La. 522, 119 So.2d 450, 463 (1960); Bradford v. Griffin, 193 So.2d 862 (La.App. 3d Cir. 1967); Turpin v. Turpin, 175 So.2d 357 (La.App. 2d Cir. 1965).
Judge Albert Tate, Jr.’s article Amendment of Pleadings, 43 T.L.R. 211, considers this problem.
“An occasional instance may be found where the court felt the prejudice to judicial administration and to the opponent by a continuance outweighed the substantive justice to be permitted by an amendment. Such instances should be rare where the amendment offers a serious additional or different claim or defense, unless the amendment is sought for dilatory purposes. James has summarized the complex considerations in this regard as follows:
‘If the burden of the necessary continuance is a substantial one the trial court probably has a substantial area of discretion to determine whether this burden to society and the adversary over-balances the equities in favor of the party seeking the amendment. If the main disadvantage of the continuance is the additional expense which it would put upon the adversary, the court can take care of that problem by conditioning the allowance of the amendment upon the pleader’s defraying this additional expense. But where the disadvantages of the continuance cannot be repaired by money, as where it disrupts the adversary’s business or adversely affects the efficient administration of justice, or both, then, it is submitted, the court is warranted in weighing all the equities in the situation, including the reasons why the amendment is offered at so late a time, and even in denying the amendment where the delay results from lack of diligence and a seriously disruptive continuance is now required to prevent prejudice if the amendment is to be allowed.’ ” 43 T.L.R. at 228, 229.
We find this to be a proper case for remand with directions that plaintiff be allowed to amend the pleadings, conditioned on plaintiff’s prior payment of all costs of court related to the issue of fraud. We apportion 60% of all costs incurred to date to this issue. Additionally, wheth *760 er or not plaintiff is successful on the issue of simulation, the trial court is to require plaintiff to pay to defendants a reasonable sum to cover their added personal expenses in returning to Louisiana to defend this new cause of action.
Remanded.