BOLIN, Judge.
Harry A. Moore died by accidental means, leaving his mother, Willie Arthur Moore, plaintiff, and his wife, Esther Hawkins Moore, defendant, as joint beneficiaries of a $15,000 life insurance policy with a double indemnity provision. Following his death the insurance company issued one check for $15,000, payable to the widow, and another check for the same amount payable to the mother. Both checks were mailed to the widow. At the widow’s suggestion she and the mother went to a Monroe bank where the mother endorsed and cashed her $15,000 check, divided it equally with the widow, and each party deposited $7,500 to her own account.
The mother instituted this suit to recover the $7,500 alleging she was induced to part with the money through fraudulent practices on the part of the widow. Defendant filed an exception of no cause of action which was overruled. Following trial judgment was rendered in favor of the mother and the widow appeals. We affirm the judgment of the lower court.
The first issue raised by the exception is whether plaintiff has stated a cause of action. The exception is based principally on the assertion that the petition alleges only conclusions of law and fails to set forth sufficient facts and circumstances to constitute a cause of action for fraud or mistake. We find no merit in this contention. On the contrary, a careful reading of the petition convinces us it contains allegations that defendant fraudulently misled plaintiff as to material facts which caused plaintiff to divide the proceeds of the $15,000 check, all of which rightfully belonged to plaintiff. In Chrysler Credit Corporation v. Henry (La.App. 4th Cir. 1969) 221 So.2d 529, a 70-year old woman, having limited financial means and very poor eyesight, signed a note and mortgage. Suit was instituted against her for a deficiency judgment and she filed a third-party claim against the automobile dealer, who had transferred the note and mortgage to the plaintiff. It was alleged the promissory note was obtained under deceitful and fraudulent circumstances in that Mrs. Henry had great difficulty in seeing or reading any printed matter; and that she was completely unaware of the fact that she was signing a promissory note or mortgage. The court held the third-party petition had alleged a cause of action for fraud. We find the allegations in the present case are much stronger and more specific than those in the Chrysler case.
The relevant facts are for the most part undisputed. The district judge wrote a comprehensive opinion setting forth his *409 findings of fact, the applicable principles of law, and his reasons for judgment. Since we are in accord with his factual findings as well as the decree, we shall only summarize the facts as we appreciate them.
At the time of trial plaintiff was 86 years of age, hard of hearing and almost blind. Defendant told plaintiff, before going to the bank in order to cash the check, that the insurance company had made a mistake in that the check payable to plaintiff should have been payable to both plaintiff and defendant and that the check could be sent back to the insurance company and re-issued to correct this error. Defendant did not tell plaintiff the policy of insurance contained a double indemnity provision, which increased the total amount to $30,000, or that defendant had also received a check in the amount of $15,000 payable to herself from the same company for the death of Harry Moore. Neither did defendant inform the mother of the deceased that she had received a check, payable to the plaintiff, until she arrived at the latter’s home on the day they visited the bank; nor did defendant relinquish control of plaintiff’s check until they arrived at the bank. Therefore plaintiff had no opportunity to consult anyone about the check payable to her or to fully understand what her rights were with regard to the proceeds.
The evidence did show plaintiff saw the $15,000 check payable to defendant while the parties were at the bank but apparently she did not realize it was from the same insurance company and paid pursuant to the same insurance policy. The lower court was convinced, as is this court, that defendant never explained the other check to the mother and that the mother first saw the other check at approximately the same moment that she divided the proceeds of her check with the widow.
We also find, as did the lower court, that some time before arriving at the bank defendant showed plaintiff one sheet of paper upon which there was some writing; that defendant told plaintiff the paper contained the wishes and desires of the deceased relative to the distribution of his property including the entire insurance proceeds. We further find that the mother did not understand the writing on this sheet of paper or what defendant told her about it.
An officer of the bank told Mrs. Willie Moore the $15,000 check was payable to her and that she and she alone could endorse and cash the check. In response to a question by the bank officer, the mother said she desired to cash the check and divide it with the widow; however, we find this division was made solely because of factual misrepresentation made to her by Mrs. Esther Moore, defendant, that the latter was entitled to one-half of the $15,000. We agree with the finding of the lower court that plaintiff did not intend to donate one-half of her proceeds from the insurance policy to defendant, nor was she trying to carry out the wishes of her deceased son as expressed in his letter.
The trial judge based his decision to set aside the transfer of funds on four grounds, i. e., fraud, error, lesion or conversion. In his written reasons for judgment the district judge said:
“I. Judgment for the plaintiff is supported by any one of four different causes of action: Fraud, Error, Lesion or Conversion.
“II. Fraud on the part of Esther was proven in that:
“She asserted what was false in telling Willie that the insurance company had made a mistake and that the checks could be sent back for re-issuance to them for checks of one-half the amount each.
“She suppressed what was true in not telling Willie that the insurance company had paid twice the face amount of the policy under its double indemnity provision ; that they each had received a *410 check for $15,000.00; and that consequently the total proceeds of the policy had already been divided between them.
"She calculatedly produced a belief of what was false and an ignorance of what was true in leading Willie to believe that the insurance company owed them as joint beneficiaries a total of $15,000.00; that the company had erroneously made the entire payment to Willie; that one-half of $15,000.00 therefore rightfully belonged to Esther.
“She caused Willie to make an error as to a material part of the contract, i. e. the total amount of insurance proceeds of which the two were joint beneficiaries, and obtained an unjust advantage for herself, as well as caused a detriment or loss to Willie, in the sum of $7,500.00.
“Despite a civil code article stating that fraud must be proven like every other fact, the jurisprudence holds that fraud must be proven by evidence weighing well beyond a preponderance, or by legal, strong, convincing evidence. Cf. LSA-C.C. Art. 1848; Ross v. Justice [La.App.] 229 So.2d 756; Vestal v. Vestal, 227 So.2d 634 [La.App.]; Williams v. Morgan [La.App.] 180 So.2d 11; United Credit Plan of New Orleans, Inc., v. Franklin [La.App.] 221 So.2d 334; Armstrong v. Copeland [La.App.] 194 So.2d 801. Accordingly we have examined every aspect of the case as set forth above and find that there is legal, and convincing evidence stronger than a mere preponderance supporting each element of proof of fraud.
“III. As noted earlier, error is a necessary element in the proof of fraud. Thus we have already explained the errors committed by Willie in dividing her insurance check with Esther. However, further questions are presented here as to whether the error was an error of law or fact and whether the error was the only or principal cause of the contract. “Willie’s basic error was the mistaken belief that she and Esther were joint beneficiaries to only $15,000.00 of insurance proceeds, whereas in truth they were entitled to divide $30,000.00. This error was clearly the only or principal cause of her dividing the $15,000.00 with Esther, and, if this was an error of fact, as we believe it was, it was therefore sufficient to invalidate the agreement to divide the proceeds. But if it was an error of law it must not only be the principal cause but also: (1) the contract must not have been made in consequence of a natural obligation such as the natural obligation on the part of the donee to perform the will of the donor which is void only as to form, and (2) the error must be invoked as the means of preventing loss or of recovering what has been paid or given under such error. Clearly the error has been invoked here as a means of recovering what was paid under the error. The division was not made to fulfill a natural obligation since Willie did not hear or understand Esther’s representations'as to Harry’s last wishes set forth in conversations or in the ‘letter’ she showed Willie. The ‘letter’ did not purport to be a will and was void for lack of substance as well as of form. Willie was not a donee or legatee but a third party beneficiary under a contract. Willie made the division of proceeds solely because she believed the proceeds consisted of only $15,000.00 and that Esther was entitled to half of them. Willie was correct in thinking that Esther was entitled to share in the insurance proceeds, but she was in error as to the amount of proceeds to be shared. Thus the division of insurance proceeds was invalid whether the error was one of fact or law, but as we said above, it clearly was an error of fact because the amount of money available for division was a matter of fact.”
Our independent study of the record convinces us the reasons set forth *411 by the lower court for rendering judgment in favor of plaintiff on the grounds of fraud and error are sound; for this reason we consider unnecessary a discussion of the questions of lesion or conversion.
The judgment is affirmed at appellant’s cost.