## ABRAHAM LINCOLN HOME FOUNDING CO., Inc., v. GIBSON.

### No. 5060.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1935.

Herndon & Herndon, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson and E. S. Klein, all of Shreveport, for appellee.

DREW, Judge.

This is a petitory action. Plaintiff alleged it was the owner of lot 56 and N. ½ of lot 55 of the Thomas subdivision, city of Shreveport, Caddo parish, La., as per map of same duly recorded in Conveyance Book 50, page 291 of the records of said parish, together with all buildings and improvements thereon. It alleged that it acquired title to said property by purchase from Katie C. Cotton on November 11, 1932, and by purchase from Guthrie M. Cotton on January 12, 1933. It further alleged that Will Gibson is in actual physical possession of said property without title, and refuses to deliver possession to petitioner.

Defendant filed a plea of prescription of ten years, which was overruled below and is not urged here. He then answered alleging he was the owner of an undivided one-fourth interest in and to said described property, same having been owned in community with his now deceased wife, and that the building and improvements on said property were built with community funds and he is the owner of an undivided one-half interest in said improvements, which are worth $400.

Defendant later filed an amended answer, in which he alleged that the property in controversy became community property by purchase of date July 8, 1916, when same was transferred by deed from the Caddo parish school board to Elizabeth Gibson, who was then his wife and living with him under the community régime.

Plaintiff then interposed a plea of estoppel in which it alleged that on the 6th day of July, 1931, Will Gibson, defendant herein, by authentic and notarial act before Arthur A. Le Rosen, notary public in and for the parish of Caddo, La., executed a quitclaim deed to Katie C. Cotton and Guthrie M. Cotton, plaintiff's authors in title herein of the property involved in this suit. It further alleged that in the aforesaid quitclaim deed the said Gibson specifically stated and declared that the purpose of same was to make good, valid, and merchantable the title to the property involved herein, and in which he had no interest and claimed no interest, as same was acquired by Elizabeth Gibson as her own separate and paraphernal property.

This plea was referred to the merits, without objection, and never passed upon.

After trial on the merits, there was judgment for plaintiff as prayed for, recognizing it to be the owner of the property sued for and ordering the defendant to deliver possession of same. Defendant prosecuted a devolutive appeal to this court.

Plaintiff has filed here a motion to dismiss the appeal which, if it were entertained by us, would require the remanding of the case for the taking of testimony thereon. Since we think the judgment of the lower court is correct, it would only delay a final determination of the case to entertain the motion. We therefore pass it without further comment.

It is admitted by both plaintiff and defendant that there is only one question for us to determine and that is the validity of the quitclaim deed which, on its face, is an authentic document bearing the signature of defendant, in which he quitclaimed, released, and relinquished all right and title to the lots in controversy, together with improvements, unto Katie C. Cotton and Guthrie M. Cotton. Defendant denied that he ever signed the deed. It is dated July 31, 1931, and was passed before Arthur A. Le Rosen, notary public in and for Caddo parish, La. The vendees therein are plaintiff's authors in title, and the instrument states that its purpose was to make good, valid, and merchantable the title to the property involved, and in which he had no interest and claimed no interest, as same was acquired by Elizabeth Gibson as her own separate and paraphernal property. The in-

terest of defendant's deceased wife had been previously acquired from Myrtie Gibson by the vendees named in the quitclaim deed.

Mr. Le Rosen testifies that it was executed at his home and that Will Gibson signed it in his presence. He recognized Will Gibson in court from his appearance and his peculiar manner of speaking. He is corroborated as to the signing of the deed at his home by a negro who drove Will Gibson out to Mr. Le Rosen's home. Against this, we have the testimony of Will Gibson alone that he did not sign the deed.

There are in the record some specimens of Will Gibson's handwriting which we have compared with the original deed, and, although we do not claim to be handwriting experts, we can see much similarity between the specimens and the signature on the original deed.

An authentic act proves itself, and when defendant alleged that he did not sign the act which bears his name, the burden of proof to show that to be true is upon him. He has clearly failed to meet and overcome this testimony.

The lower court so found and there is no error in the judgment. It is therefore affirmed.