194 So.2d 801 (1967)
Alexander ARMSTRONG et al., Plaintiffs-Appellants,
v.
C. C. COPELAND, Defendant-Appellee.
No. 10745.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1967.
Dhu and Lea S. Thompson, Monroe, for appellants.
Armand F. Rabun, Farmerville, for appellee.
Before HARDY, GLADNEY, AND BOLIN, JJ.
HARDY, Judge.
In this suit plaintiffs prayed for judgment annulling, setting aside and declaring illegal, fraudulent and forged, a cash deed in the form of an authentic act purportedly signed by one of the plaintiffs, Alexander Armstrong, dated June 24, 1963, filed and recorded June 9, 1964, in Conveyance Book *802 236, page 158 of the Conveyance Records of Union Parish, Louisiana. From judgment in favor of defendant rejecting plaintiffs' demands, and further recognizing the deed to be the valid, true and genuine act of the parties, the plaintiffs have appealed.
The deed in question, apparently signed by plaintiff, Alexander Armstrong, and by his nephew, Theodore J. Armstrong, conveyed all of their right, title and interest in and to a certain described 90 acre tract of land located in Union Parish unto defendant, C. C. Copeland, for a cash consideration of $1,000.00. The interest of Alexander Armstrong in the property involved is shown to have been an undivided one-fourth, equivalent to 22½ acres. No attack is made against the conveyance of the interest of Theodore J. Armstrong, since deceased. The fraud alleged by plaintiffs rests upon the claim that the signature of Alexander Armstrong was forged. The issue presented by this appeal relates to the sufficiency of the proof adduced on behalf of plaintiffs in support of their claim of fraud by forgery.
The only direct and positive testimony on trial of the case was given by plaintiff, Alexander Armstrong, and defendant, C. C. Copeland, which testimony is irreconcilably contradictory. Alexander Armstrong testified that he did not sign the deed while defendant, on the contrary, testified that Armstrong did sign the deed. The notary and one of the witnesses to the act testified as to its execution and the signature by the party representing himself to be Alexander Armstrong, with whom, however, they were not personally acquainted and, therefore, could not identify.
In written reasons for judgment the district judge concluded that plaintiffs had not discharged the burden of proof and with this conclusion we are completely in accord.
The charge of fraud is exceptionally serious and the jurisprudence of our State has uniformly established the principles that the burden rests upon the party alleging fraud to establish such allegation by exceptionally strong proof more onerous than the mere preponderance of the evidence; that the possibility of fraud or the suspicious character of surrounding circumstances is not sufficient; Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (and cases cited). The charge of forgery of the signature to an authentic act requires strong, clear and positively convincing proof; Le Boeuf, et al. v. Duplantis (La. App., 1st Cir., 1935), 162 So. 592; Abraham Lincoln Home Founding Co., Inc. v. Gibson (La.App., 2nd Cir., 1935), 162 So. 237.
Counsel for appellants urgently argues that evidence of circumstances creating reasonable doubts or suspicions as to the honesty and validity of a transaction are sufficient to establish a prima facie case and shift the burden of proof. With this contention we cannot agree. Counsel cites in support of his argument the case of Burch v. Nichols, 126 So.2d 713, in which he inadvertently erred in applying the above noted principle to the issue of forgery. The Burch case was an action in simulation and presented no issue with respect to fraud by forgery. Examination of our jurisprudence is convincing as to the conclusion that an action of simulation falls in that category of fraudulent conduct, which is less demanding of and burdensome upon the party alleging simulation than in other cases involving fraud; Howard v. Howard (2nd Cir., 1957), 96 So.2d 345.
In any event, the suspicious circumstances relied upon in this case, consisting of defendant's failure to record the conveyance for a period of approximately two years; his failure to take possession of the property, and his apparent acquiescence in the effect of an oil and gas lease executed by the Armstrongs after execution but prior to recordation of his deed cannot be accorded any substantial weight. Defendant's testimony established reasonable explanations of these circumstances and they *803 cannot be considered as fulfilling the requirements of strict and convincing proof above and beyond a mere preponderance of the evidence.
As pointed out by the district judge, plaintiffs in this case failed to offer for examination any genuine signatures of the plaintiff, Alexander Armstrong, which could have been used as a basis for comparison with the disputed signature, nor did they offer the testimony of any experts on handwriting which would have been pertinent, material and substantial.
Our examination of the record not only fails to disclose ground for error with respect to the judgment appealed from, but, on the contrary, serves to convince us of the correctness of the judgment below.
For the reasons assigned the judgment appealed from is affirmed at appellants' cost.