HOOD, Judge.
This is a suit for workmen’s compensation benefits, penalties and attorney’s fees, instituted by Roland Fusilier against Harris Well Service, Inc., and its insurer, Employers Insurance of Wausau. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The defendants paid compensation benefits to plaintiff from the date of his injury until November 22, 1968. The principal issue presented here is whether plaintiff has been disabled since the last mentioned date.
Fusilier was working as a roughneck for defendant, Harris Well Service, on January 24, 1968. On that date, while assisting fellow employees in carrying a heavy pipe, one end of the pipe was allowed to drop and the sudden jar caused plaintiff to sustain injuries consisting of a lumbar sprain and an avulsion-type fracture of two ribs.
Plaintiff rested for about an hour immediately after the accident occurred, but he then resumed his duties and he continued to work the rest of that day and all of the following day. He was treated by Dr. Roderick P. Perron, a general practitioner, from January 26, 1968 until January 14, 1969. Within a few weeks after the accident occurred, Fusilier was also examined by two other physicians. One of them, Dr. Harry M. Brian, reexamined plaintiff on October 23, 1968, and submitted a report of that examination to defendants on November 14, 1968. It was on the basis of this last report that the payment of compensation benefits was discontinued.
The medical evidence is conflicting. Dr. Perron, the treating physician is of the opinion that plaintiff suffers pain when he attempts to work, and for that reason he feels that Fusilier has been unable to perform heavy manual labor since the date of the accident, and that his disability is permanent. Dr. Brian, an examining chest surgeon, being the only other medical expert whose opinion as to disability is reflected in the record, feels that Fusilier had recovered from his injury and was able to return to his employment by October 23, 1968.
Plaintiff obtained employment as a roughneck in June, 1968, and he worked at that job for one or two weeks, after which time he was discharged because his work was slow. He contends that his injuries caused him to be slow and thus unable to perform the duties of a roughneck. He *620 went back to work as a roughneck in November, 1968, and he continued to work as such for two months thereafter. He voluntarily left that employment then, not because of any disability but because he wanted to go to New Orleans to assist his wife in settling a damage claim. The evidence shows that during that two month period of time he worked eight hours per day, seven days per week, and that he performed heavy manual labor efficiently and without any complaints or apparent difficulty. He testified, however, that he experienced pain while he was working.
Fusilier admits that when he. applied for employment in November, 1968, he withheld information from his prospective employer as to his previous injury. He also acknowledges that after he voluntarily left that employment he applied for unemployment compensation benefits, and that in his application he represented (1) that he was able to perform the duties of a roughneck, and (2) that he was discharged from his prior employment solely because of the distance he had to travel in going to and from work. He concedes that the first mentioned representation is contrary to the position he takes here, and that the last mentioned representation was false. He stated that he made those representations deliberately in order to obtain the unemployment compensation benefits.
Fusilier was involved in an automobile accident in 1954, at which time he sustained serious internal injuries, including a ruptured bladder and a fractured pelvis. He contends that he has suffered no residual pain or disability from that accident. He also was involved in another automobile accident on August 31, 1968, while compensation benefits were being paid to him by defendants. He contends that he was not injured in that accident.
Fusilier testified that for a period of time after the accident occurred a substantial part of his side pained him. By the time the payment of compensation benefits was discontinued, however, he experienced pain only in one spot in his back, which he described as being about three or. four inches from his spine, just above his belt line. He stated that he feels the pain at times even while he is not working, but that at those times it is not a “bad pain.” It begins to pain him more after he has worked for three or four hours he said, and he contends that the pain gets to be a “bad pain” after that time.
The record shows that Fusilier enlisted for military service twice, the first time being in 1951. During his second enlistment he was court-martialed for desertion and was convicted. He received a dishonorable discharge and served time in a federal penitentiary in 1954 and 1955. In 1960, he was committed to the Central Louisiana State Hospital, in Pineville, for treatment of an illness described as “depression and nervousness” and “alcoholism.” In 1961, he was convicted of the crime of forgery and served 32 months as a prisoner in the Louisiana State Penitentiary. He was paroled, but while on parole he was convicted of the offense of simple burglary, and he was returned to the penitentiary as a parole violator. Prior to those convictions, he had served a sentence of about eight months in the Texas penitentiary for conviction on a charge of forgery. After the above mentioned automobile accident occurred in 1968, plaintiff was convicted of reckless driving.
The trial judge did not assign written reasons for judgment. It is apparent, however, that he rejected plaintiff’s testimony as to the extent and duration of his disability, and concluded that plaintiff had recovered from his injury by November 22, 1968, that being the date on which the payment of compensation benefits was discontinued.
The findings of the trial judge as to the facts are entitled to great weight, especially when those findings are based on a determination of the credibility of the witnesses appearing before him, and his conclusions of fact will not be disturbed unless found *621 to be clearly erroneous. Matthews v. Milwhite Mud Sales Company, 225 So.2d 391 (La.App. 3 Cir. 1969).
The trial court may consider the prior criminal convictions of a witness, and the nature of the crimes involved in those convictions, for the purpose of determining the credibility of that witness. Middleton v. Consolidated Underwriters, 185 So.2d 307 (La.App. 1 Cir. 1966).
In the instant suit, we cannot say that the trial judge erred in concluding that plaintiff had failed to establish by a preponderance of the evidence that he has been disabled since the payment of compensation benefits was terminated. The judgment of the district court thus must be affirmed.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.