284 So.2d 852 (1973)
Harry LADAS
v.
Jack W. SAVAGE.
No. 5643.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
*853 Stephenson & Fineran by W. Monroe Stephenson, New Orleans, for defendant-appellant.
Levy, Smith & Pailet by Lawrence J. Smith, New Orleans, for plaintiff-appellee.
Before SAMUEL, J., and CONNOLLY and DURAN, JJ. Pro Tem.
MELVIN J. DURAN, Judge Pro Tem.
Plaintiff, Harry Ladas, had been a customer of Investors Trading Corporation and/or Jack W. Savage. He had always done business with Savage personally, and had never done business with anyone else. Savage was the President of his corporation, or controlling stockholder, in full control of the corporate affairs. Plaintiff had owing to him on the books of the corporation a credit in his "commodity account" amounting to $1,575.00. Savage induced plaintiff to put up some cash with which he (Savage) would purchase Westbury Fashions stock (which defendant said he had inside information would greatly increase in value in short order). Plaintiff gave Savage $5,000.00 in cash and to this Savage allegedly added the $1,575.00 plaintiff had to his credit in his account, to make a total of $6,575.00. These funds were to be used to provide the purchase margin for the stock, the balance of the purchase price (approximately $14,000.00) was to be paid out of the profits that were *854 to be made when the same stock was subsequently sold. Savage issued to plaintiff various purchase advices showing purchase by the corporation for the account of the plaintiff various amounts of the Westbury Fashions stock at various prices. There was no evidence of this stock ever having been bought (or sold) by Savage or I. T. C. (Investors Trading Corp.) After being "put off" several times, plaintiff demanded delivery of his stock or return of his money. Defendant advised that he could do neither. Plaintiff sued Savage personally, alleging fraud and alternatively, negligence, in mishandling his funds. The defense was that Savage acted for his corporation and that he was not personally liable.
After trial, the District Court rendered judgment in favor of plaintiff and against Savage personally for $6,575.00, plus interest and costs. We affirm that judgment.
The issues raised on this appeal are:
1. Did plaintiff carry the burden of proving fraud against Jack W. Savage?
2. Did the trial judge err in permitting certain witnesses, not listed in the pre-trial procedure, to testify for plaintiff?
3. Plaintiff having knowledge of the liberal credit terms extended by the defendant, was he precluded from proving the defendant deceived him?
4. Whether plaintiff is estopped to allege and prove fraud since plaintiff's counsel during argument at the trial on the merits "admitted he could not prove bad faith" on the part of defendant.
5. Whether the trial judge erred in refusing to permit certain documentary evidence to be introduced (for which a proffer was made).
We address ourselves to these issues as they are listed above.
Did the plaintiff carry the burden of proving fraud on the part of Savage such as would warrant judgment for $6,575.00 against Savage individually? This is a question of fact which the trial judge resolved in favor of plaintiff. The defense did not present Mr. Savage or any other witness. Our examination of the transcript does not in any way indicate that the trial judge erred; in fact, there is more than ample evidence in support of his decision. The real argument here was the degree of proof required to establish fraud in this instance. Defendant argues that "an extraordinary abundance of proof is required," that fraud is never to be presumed or inferred, but must be fully proven with more than just a preponderance of the evidence. Suffice it here to say that the cases cited by defendant-appellant are all readily distinguishable from the facts of this case. They were cases dealing with authentic acts or other written documents which were a forgery or misrepresentation of material facts upon which documents were drafted and signatures affixed. On their face, the documents themselves were valid. They were attacked because of fraud practiced in their preparation or negotiation. See for example Armstrong v. Copeland, La.App., 194 So.2d 801; Vestal v. Vestal, La.App., 227 So.2d 634; Williams v. Morgan, La.App., 180 So.2d 11. There are many instances in our law where courts have held that there are exceptions to the rule of strict proof of fraud. See Polusky v. Allstate Petroleum, Inc., La.App., 180 So.2d 815, where strict proof of fraud was not required when it was predicated upon promises made by one with no intention of fulfilling same. Polusky is quite similar to the case now before us. Polusky, a corporate officer, took money from others and promised to escrow it, and to use it for expenses incurred in actually drilling oil wells. Those funds were never escrowed, and the promises made were for the sole purpose of obtaining the money from others. In the case now before us, Savage took money from the plaintiff and promised to buy stock *855 with it. The promise was never fulfilled, and the record is devoid of any evidence showing any intention to fulfill.
Besides the question of fraud, plaintiff alternatively sued Savage personally for negligence in mishandling plaintiff's money. If Savage acted as a corporate officer in taking plaintiff's money without any intention of delivering the stock to him, then the plaintiff could additionally sue the corporation. That would in no way lessen his right to sue Savage individually (and this he did). There is nothing in our law which says a wrongdoer cannot be sued personally because he is a corporate officer. There may be, in certain instances, a question of whether the corporation could be held liable for the actions of its officer, but there is no doubt that the officer is himself liable for his wrongful deeds. There may have been some room for arguing that the degree of proof required to establish fraud in this case (we do not so conclude) but the evidence is abundantly clear: Savage took the plaintiff's money from him and gave him absolutely nothing for it.
During the pre-trial conference, the trial judge ordered each party to file in the record the names of their witnesses and a concise statement as to what each witness would testify to. The plaintiff complied with that order, listed his witnesses and stated that he "reserved his right to call other possible witnesses who had knowledge regarding specific facts of the situation and an expert stock-broker." At the trial of the case, plaintiff presented two fact witnesses whose names did not appear on his list of witnesses. Article 1551 C.C. P. allows the trial judge much discretion in such instances. We do not find that he abused his discretion under the circumstances of this case.
Defendant-appellant argues that since the plaintiff knew of the liberal credit extended by the defendant, plaintiff is precluded from trying to prove defendant deceived him. We dismiss this issue by simply stating that it is totally without merit.
Additionally, the argument that plaintiff-appellee is estopped to prove fraud because, in argument before the trial court, plaintiff's counsel admitted he could not prove bad faith on the part of the defendant, is likewise without merit. It was argument, not evidence, and the statement is taken out of context. Plaintiff alleged fraud and negligence; his witnesses testified to this, and his documentary evidence supports it.
We come now to the final issue. Did the trial judge err in not allowing certain documentary evidence to be presented? More specifically, plaintiff sought to introduce into evidence: (1) a cease and desist order from the Louisiana State Commissioner of Securities; (2) A certified copy of a judgment rendered in the U.S. District Court in the matter U. S. A. vs Jack W. Savage. A proffer was made on both documents.
We consider this issue immaterial to our conclusion. Assuming, but not deciding, that the evidence in dispute was admissible, and even considering that evidence, our conclusion would remain the same.
Accordingly, the judgment appealed from is affirmed; defendant-appellant to pay all costs in both courts.
Affirmed.