CULPEPPER, Judge.
This is a suit to annul a sale of land. Plaintiffs are certain children and grandchildren of the late James William Cryer and his wife, Florence Wilson Cryer. Defendant, Henry Lovett Cryer, is also a child of the decedents. The deed sought to be annulled is from the late James William Cryer, as vendor, to the defendant, Henry Lovett Cryer, as vendee, dated January 11, 1964 and conveying 92 acres of land for a stated consideration of $4,000 cash. Plaintiffs attack the sale on the grounds of fraud and simulation. Alternatively, they urge lesion beyond moiety.
After a trial on the merits, the district judge found there was no fraud or simulation. He found the attack on the grounds of lesion was barred by the prescription of four years applicable to such actions. From a judgment rejecting their demands, plaintiffs appealed.
The substantial issue is whether the sale is void for fraud or simulation. These are factual issues which depend largely on the credibility of the witnesses.
The facts show that the deed in question dated January 11, 1964 is drawn on a printed form used for cash sales. The blank spaces are filled in on a typewriter. The deed states that J. W. Cryer, for a consideration of $4,000 cash, conveys to H. L. Cryer, 92 acres of land in Vernon Parish, as specifically described. The signature of J. W. Cryer is by his “X” mark. The signature of H. L. Cryer is in his own hand. The witnesses who signed are Lonnie J. ■ Cryer and Dr. J. G. Roberts. The deed also shows that on April 16, 1965 Lonnie J. Cryer appeared before Stuart S. Kay, Notary Public, and acknowledged that he was one of the subscribing witnesses, and that the deed was signed by J. W. Cryer by making his “X” mark in his presence and in the presence of the other witness, Dr. J. G. Roberts.
The facts also show that at the time the deed was signed in 1964, the vendor was approximately 90 years of age, and he and his wife, Mrs. Florence Wilson Cryer, were receiving old-age welfare benefits. Mrs. Cryer died on April 28, 1964, which was about three months after the deed was executed. Mr. James William Cryer continued to live on the place until about the time of his death on October 11, 1970. Two days later, October 13, 1970, the ven-dee, Henry Lovett Cryer, recorded the deed in the conveyance records of Vernon Parish.
The plaintiffs contend the deed is an absolute nullity, that the “X” mark of James William Cryer is either a forgery or was obtained by fraud, and that the transaction was a simulation, the $4,000 not being paid. In the alternative, plaintiffs contend the property had a value of about $14,000 in 1964 and hence the sale is subject to attack for lesion beyond moiety.
Mr. Lonnie Cryer, one of the plaintiffs, and a witness to the deed, testified during the presentation of plaintiff’s case in chief that he was not present when the deed was signed by the vendor, and that he did not see the $4,000 in cash paid. Further, he said he did not type the deed and did not know who typed it. Lonnie testified that, based on a promise by his brother, Henry *261 Lovett Cryer, to convey him a one-half interest in the land, he signed the deed as a witness on April 3, 1965, which was about 14 months after the date shown.
The defendant, Henry Lovett Cryer, testified that he agreed with his father to buy the place for $4,000 cash, that he arranged with his brother, Lonnie Cryer, who was the postmaster at DeQuincy, to draw the deed and meet him at their father’s house. Henry says that on the date of January 11, 1964, he and Lonnie and Dr. Jerry G. Roberts met at the senior Mr. Cryer’s home where the sale was executed; that his father signed his “X” mark, and his brother, Lonnie, and Dr. Jerry G. Roberts ^signed as witnesses. The consideration of $4,000 cash was paid, $2500 in $20 bills, and $1500 in $10 bills, and it was counted out in five stacks or bundles and bound with rubber bands. Mr. Henry Cryer also testified that he had an understanding with his father that the deed would not be recorded as long as his parents were living because they were drawing old age benefits which would have been terminated had the deed been recorded.
Dr. Jerry G. Roberts, a dentist of Beaumont, Texas, testified that he was a longtime friend of the family and frequently went to hunt quail with the Cryers on week ends. Dr. Roberts corroborated Mr. Henry Lovett Cryer in every detail as to the execution of the deed and the payment of the $4,000 in cash.
The defendant also called as a witness Mr. Ray Herd, retired director of the Louisiana Crime Laboratory. Based upon a comparison of the typewritten portion of the original deed with certain letters written by Lonnie Cryer on a typewriter, it was Mr. Herd’s opinion that the deed had been written on a typewriter which was in the possession of Mr. Lonnie Cryer.
Following the testimony of Mr. Herd, Mr. Lonnie Cryer took the stand and admitted that he had testified falsely during the presentation of plaintiff’s case in chief when he said he did not type the deed. He said he typed the deed on the same typewriter as the letters and then mailed the deed to his brother, Henry Lovett Cry-er. But Lonnie still insisted he was not present when the deed was signed and did not see the consideration paid.
Fraud is never presumed, and one who alleges it has the burden to establish the fraud by exceptionally strong proof, Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (1952); Fitch v. Broussard, 156 So.2d 127 (3rd Cir. La., 1963); Armstrong v. Copeland, 194 So.2d 801 (2d Cir. La., 1967).
In the present case, we have no difficulty in affirming the factual conclusion of the trial judge that plaintiffs failed to prove fraud or simulation by the strong and convincing evidence required.
As to the attack on the grounds of lesion beyond moiety, LSA-C.C. Article 1876 provides that such actions must be brought within four years from the date of the contract between persons of full age. The deed in question was dated January 11, 1964, and the present suit was not filed until December 17, 1970. The action for lesion is clearly prescribed since Mr. James William Cryer did not file such an action within four years from the time of the deed.
Plaintiffs contend the four-years prescriptive period for lesion was suspended until the deed was recorded in 1970. No authorities are cited which support this argument. We find the contention without merit.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.