321 So.2d 824 (1975)
Roland Joseph LEFORT
v.
MEIBAUM BROS., INC. and the Continental Insurance Company.
No. 7063.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
*826 John G. Derussy, Russell & Derussy, New Orleans, for plaintiff-appellant.
Louis M. Kiefer, Jr., New Orleans, Ronald L. Ronzello, Metairie, for defendants-appellees.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of his workmen's compensation claim. We remand to allow further evidence.
Plaintiff was a rural milk route salesman. His employment took him in a truck from his home to a nearby milk-storage depot, thence along a highway delivering milk to his customers, and then back home, where he kept the truck.
On the day of plaintiff's accident, he had already returned to his home, either because he had finished his route or because (as he testified at trial) he needed extra milk from the storage depot in order to finish his route. He then left his home in the truck again, stopped at the gasoline station of a friend (who also irregularly bought milk from plaintiff) and then went to pick up several cases of soft drinks for the friend. After getting the soft drinks (and delivering the extra milk?), plaintiff was returning to the gasoline station, along the same route as that of his usual return home from his milk deliveries. While on that return route plaintiff had an accident.
Plaintiff argues that the trial court incorrectly rejected his testimony that he was returning from delivering the extra milk (as well as from getting soft drinks). Plaintiff contends that the court improperly admitted into evidence a voice recording of his earlier statement that he had finished work before going to the gasoline station.
Prior inconsistent statements are generally admissible. We reject plaintiff's argument that, because portions of the recording are unintelligible, the balance should be inadmissible; see State v. Melerine, 1959, 236 La. 881, 109 So.2d 454, 465. The recording is clear in its reproduction of plaintiff's statements that he "knocked off" work and was "unloading" at about 3:30 p.m. and that the accident happened at about 5 p.m.
We also reject plaintiff's argument that inadmissibility results from defendants' failure to list the recording in their pre-trial "Note of Evidence" (ordered under C.C.P. 1551 prior to pre-trial conference). Reliance on the literal assertions of defendants' "Note" might have supported the exclusion of virtually all factual evidence, and specifically any evidence that plaintiff did not return for extra milk, because the material facts defendants asserted in their "Note" included that plaintiff had returned for extra milk and was returning from delivering it (and from getting the soft drinks) when injured. (Indeed, were the "Note of Evidence" a stipulation of counsel we would be obliged to hold counsel to its content, Moak v. Link-Belt Co., 1970, 257 La. 281, 242 So.2d 515, and we would therefore reverse.) However, having "due regard for the fact that rules of procedure implement the substantive law and are not an end of themselves," C.C.P. 5051, we agree that reasonable flexibility in admitting evidence is a necessity in some cases to avoid substantive injustice. See Davis v. Duplantis, 5 Cir. 1971, 448 F.2d 918, interpreting Fed. Rules Civ.Proc. 16 (on which C.C.P. 1551 is based); see also Ladas v. Savage, La. App.1973, 284 So.2d 852.
If, however, we properly allow defendants to introduce evidence contrary to the statement of facts of its pre-trial

*827 "Note of Evidence," we believe that the simple fairness of impartial administration of justice, La.Const. art. 1§ 22, obliges us to afford to plaintiff the clear opportunity to introduce evidence corroborative of that statement of facts. Plaintiff was led to believe by defendants' "Note of Evidence" that he would not need corroboration on this question: and the admission of the inconsistent recording not listed in the "Note" makes it necessary that plaintiff do produce corroboration. Perhaps plaintiff can corroborate his own testimony by that of one or more of his milk customers or that of the Coca-Cola bottler. We point out that plaintiff is not well educated; the trial court noted he is easily led. The recording might suffice to support a conclusion that all work activity had ended: but it is not beyond all hope of explanation, if contradicted by disinterested witnesses.
If, indeed, plaintiff's employment required that the deliver the extra milk and then return the truck to his home, he would be entitled to compensation because the deviation from employment route would have been finished prior to the accident; see Simmons v. Liberty Mut. Ins. Co., La.App.1966, 185 So.2d 822.
Finally, we reject plaintiff's alternative argument that, because he was doing a favor for a customer, even if after normal working hours and after completion of his route, his accident arose out of and in the course of his employment. The record affords little factual support for classifying the gasoline station owner as a customer, or plaintiff's dealing with him as in the furtherance of the milk business: plaintiff visited him daily, but sold him milk only about twice a month.
The judgment is set aside and the matter remanded for further proceedings consistent with this opinion. Costs are to await final outcome.