383 So.2d 111 (1980)
Larry E. SIKES and Frances W. Sikes, Plaintiffs-Appellees,
v.
McLEAN TRUCKING COMPANY and Freddie Hongo, Defendants-Appellants.
No. 7541.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
*113 Stafford, Stewart & Potter, Russell L. Potter, Alexandria, for defendants-appellants.
Antoon, Dalrymple & Beck, Robert L. Beck, Jr., Alexandria, for plaintiffs-appellees.
Before SWIFT, STOKER and LABORDE, JJ.
STOKER, Judge.
On May 23, 1978, a tractor trailer rig owned by defendant, McLean Trucking, and driven by Freddie Hongo lost its braking power as it came down the Fulton Street bridge, into Alexandria. It struck, from behind, a vehicle owned by plaintiff Larry Sikes, and driven by his wife, plaintiff Frances Sikes, while she was parked at a red light. The judge directed a verdict for plaintiffs, and the jury determined damages. Defendant appeals, claiming errors of the trial court sufficient to justify a reversal.
Defendants-appellants, McLean Trucking Company, et al., made four assignments of error.

ASSIGNMENT OF ERRORS
1.
The trial judge abused his discretion in allowing the appellees to amend their petition after trial had begun and in not thereafter granting a continuance to appellants.
2.
The trial judge erred in not allowing the appellants to present any evidence concerning the condition of the brakes of the Hongo vehicle and in granting a directed verdict against Freddie Hongo.
3.
The trial judge erred in allowing the appellees to present evidence of prior D.W.I. convictions of the appellant driver.
4.
The jury's award to the appellees was excessive and amounted to an abuse of its discretion.
We will now consider each of appellants' specifications of error.

ALLOWING AMENDMENT OF PETITION
Did the trial judge abuse his discretion in allowing the appellees to amend their petition after the trial had begun and in not thereafter granting a continuance of more than twenty-four hours to appellants?
Paragraph 10 of the appellees' original petition described Mrs. Sikes' injuries as "severe and painful injuries, including but not limited to, an acute cervical and lumbar strain."
After a jury had been impaneled and the trial had begun, plaintiffs' counsel began eliciting testimony concerning headaches. Mrs. Sikes had allegedly developed these headaches as a result of the accident. Defendants objected on the ground that plaintiffs should be limited to proving evidence only of injuries set forth in the pleadings. The defendant felt plaintiff should be allowed to show evidence only of cervical and lumbar strain, the injuries named in the petition.
The trial judge responded to defendants' objection by allowing plaintiffs to amend their petition in order to set forth "exactly what he's talking about". The amended petition described plaintiff, Frances Sikes', injuries as an "acute cervical and lumbar strain, occipital neuralgia, headaches, pain *114 in the suboccipital region of the skull, pain in the fronto-temporal region of the skull, psychological and emotional distress, upset, and anguish; anxiety and depressive reaction."
Under Louisiana jurisprudence[1] and LSA-C.C.P. art. 1151[2] when there is no written consent by the adverse party, it is within the sound discretion of the trial court to accept or refuse an amendment to the petition after answer has been filed. The trial judge has much discretion in allowing amendments after an answer is filed, and his ruling will not be disturbed unless there has been an abuse of discretion.
Abuse of discretion by the trial judge does not become an issue here, however, because the defendant suffered no prejudice by the amending of the petition. The defendants admitted to the court that they were not surprised by plaintiffs' attempted proof of headaches, admitted that they had received from plaintiffs' counsel all narrative medical reports regarding plaintiff's condition, and that they had attended all depositions prior to trial in which Frances Sikes' headaches were discussed in great detail. The defendants had thoroughly questioned Mrs. Sikes in discovery deposition concerning her headache problem and had subpoenaed records from the Rapides General Hospital in an apparent effort to prove that all of plaintiffs' problems that produced headaches, pre-existed the accident of May 23, 1978.
The injuries which plaintiff initially alleged, were "severe and painful personal injuries, including, but not limited to, an acute cervical and lumbar strain." Because it is worded in this "open-ended" manner, this allegation is broad enough to include the injuries plaintiffs listed in their amended petition.
The trial court judge properly pointed out that the exception of vagueness had been available to defendants if they had wished to be better apprised of Frances Sikes' injuries. Instead, the defendants chose to let the matter lie, taking their chances at being sustained in objecting to the evidence at trial. Defendants were sufficiently apprised of Frances Sikes' injuries that we see no merit in the objection of defendants, because we see no change that defendants might have made in preparing for trial, even if the original petition had been as specific as defendants demanded.
The judge granted a one day continuance in this case, so plaintiffs could amend their petition to detail more specifically the injuries Mrs. Sikes received. Defendants complain that because the court allowed the amendment, they should receive a continuance of more than one day. We do not reach this question in the present case, however, because we find that defendant suffered no prejudice by the amending of the petition.

INADMISSABILITY OF CONDITION OF BRAKES
Did the trial judge err in not allowing the appellants to present any evidence concerning the condition of the brakes of the Hongo vehicle and in granting a directed verdict against Freddie Hongo?
There is no question that the brakes on the McLean truck were defective and that this defect was the cause of the collision in this case. During the trial, plaintiffs cross-examined Mr. C. C. Nash, a mechanic for McLean, concerning the brakes on the Hongo tractor. Defendant Hongo complains that the trial court was in error in not *115 allowing him to call Nash on direct examination for further questioning in the very same area.
Defendants had shown that Hongo was a local driver for McLean trucking. Hongo took tractor-trailor rigs as they arrived from other areas and drove them from the McLean's truck yard to their final local destination. Counsel for defendant points this out to show that Hongo did not know of the brake defect. It was to further amplify this point that counsel wished to call Nash to the stand. Hongo contends that he was not custodian of the truck because of the short time he had been driving it. He also contends that because he had no knowledge of the defect, he was not negligent and not liable to the plaintiffs.
Under LSA-C.C. art. 2317[3] when harm results from a defect of a thing which creates an unreasonable risk of harm to others, the person in whose custody the thing is when the harm results, is liable for damage thus caused. Loescher v. Parr, 324 So.2d 441 (La.1975). To recover in such a situation the plaintiff must prove the vice (i. e. unreasonable risk of injury to another) in the thing which causes the damage, and that the damage resulted from the vice. Once this is proved, the owner or guardian responsible for the thing can escape liability only if he shows the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Loescher v. Parr, supra.
Under Loescher and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) Hongo is clearly liable regardless of whether he knew of the defective brakes. In Loescher, the defendant-owner of a tree was liable for damages it caused when it fell, even though he could not have reasonably realized the defective condition of the tree. Arceneaux ends any doubt that our Supreme Court intends that the driver be liable in a latent brake failure case, regardless of his knowledge of the defect. The Supreme Court in that case writes, "Defendants [including the driver who had merely borrowed the car] were the custodians of the automobile, and were therefore responsible for the damages it caused." Thus, under Louisiana concepts of fault, as expressed by the Supreme Court in Loescher and Arceneaux, defendant is strictly liable in this case, and further proof of the driver-defendant's lack of negligence or knowledge of the brake defect is totally irrelevant. The district court in the present case did not commit error in refusing to allow such proof.

EVIDENCE OF PRIOR DWI CONVICTIONS
Did the trial judge err in allowing the appellees to present evidence of prior DWI convictions of the appellant driver?
Defendant Hongo was asked by plaintiffs' counsel during the course of the trial, whether he had ever been convicted of a crime. The question was then asked whether he had ever been convicted of driving while intoxicated. Appellants strenuously objected on the grounds that this evidence was irrelevant and highly prejudicial. Plaintiffs-appellees argue that the law is well-established in Louisiana that a defendant, as any other witness, can, for impeachment purposes, be questioned as to any prior convictions.
The court agrees with the argument of the plaintiffs. Under LSA-R.S. 15:495, a cross-examiner in any criminal trial may question a witness about prior convictions in order to impeach his credibility. In civil cases no such statute governs impeachment of a witness by use of prior convictions. There is some question as to whether this method of impeachment should apply in civil cases. We conclude that the weight of this state's jurisprudence, *116 with some exceptions,[4] indicates that it should apply.[5] The judge in the present case was not in error, therefore, in allowing evidence of past convictions of driving while intoxicated to be used for impeachment purposes.

DAMAGES AWARDED
General Damages.
Was the jury's award to the appellees excessive and an abuse of its discretion?
Defendant contends that the $20,000 awarded by the jury in general damages was excessive.
Before the Court of Appeal can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We feel that the jury's award of $20,000 for past, present, and future pain and suffering, both mental and physical, was justified by the evidence.
Defendants base their argument for reduction of this award on the fact that Mrs. Sikes had been suffering from severe headaches prior to the May, 1978, accident. Plaintiffs called four doctors, all of whom testified that Mrs. Sikes told them she had headaches prior to the accident. They added that she described a different variety of headaches subsequent to the accident headaches of increased intensity and severity, which the doctors felt were secondary to her automobile accident.
It appears that Mrs. Sikes' prior headaches began when her husband had an automobile accident in which she was severely injured. Mr. and Mrs. Sikes were just overcoming the problems created by that accident when the latest accident occurred.
There is sufficient evidence from the testimony of the four doctors, together with that of Mrs. Sikes and her husband, to find her headaches were the result of her automobile accident on May 28, 1978. In the absence of manifest error, therefore, the judgment of the trial court shall stand. Arceneaux v. Domingue, supra.
Future Medical Expenses.
Is the jury's award in the amount of $5,000 for future expenses unsupported by the evidence so that it should be reduced?
Plaintiffs contend that the award of $5,000 for future medical expenses was well within the ambit of sound discretion for the jury. Defendants contend that plaintiffs bear the burden of establishing each and every element of damages with some degree of certainty. They cite Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970):
.... awards will not be made for future medical expenses which may or may not occur in the absence of medical testimony that they are indicated and setting out their probable cost.
Plaintiff Mrs. Sikes points out that her past medical expenses, as of the day of trial, were $1,839.66, including the cost of her seven day stay in the hospital. Her medical and drug expenses for fourteen months totalled $1,100, excluding the bill for the seven days' hospitalization. There was testimony by one of the doctors that the headaches could continue for life. He also recommended some forms of treatment that might aid Mrs. Sikes in the event the headaches should continue.
Plaintiff argues that the evidence of past expense and testimony that future care may be necessary furnish enough information for the jury to support its arrival at $5,000 as the proper award for future medical expenses. Defendants feel more specific evidence is needed for any such award.
*117 Defendants' argument is correct. Future medical expenses, like any other element of damages, must be established with some degree of certainty. Wilson v. MaGee, 359 So.2d 315 (La.App. 4th Cir. 1978). Absent evidence as to future medical expenses, no award can be made. Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3rd Cir. 1978). An award for plaintiffs' future medical expenses cannot be based on mere speculation of the jury. Much stronger proof, such as medical testimony of the specific expenses to arise, should be required for such an award. In the present case there is no significant evidence to indicate that any substantial future medical expense will be incurred.
Therefore, so much of the judgment of the trial court as awards $5,000 for future medical expenses is reversed. In all other respects, the judgment is affirmed.
REVERSED IN PART, AFFIRMED IN PART.
NOTES
[1] Brooks v. Fondren, 199 So.2d 588 (La.App. 3rd Cir., 1967); Joseph A. Oster and Associates, Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688 (La.App. 4th Cir., 1976).
[2] LSA-C.C.P. art. 1151 provides in pertinent part:

A plaintiff may amend his petition without leave of court at any time before the answer thereto is served ... A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party. (Emphasis supplied.)
[3] LSA-C.C. art. 2317 provides as follows:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
[4] Buras v. Peck, 83 So.2d 783 (La.App. Orleans 1955); Cambrice v. Fern Supply Co., Inc., 285 So.2d 863 (La.App. 4th Cir., 1973).
[5] Fusilier v. Employers Insurance of Wausau, 235 So.2d 618 (La.App. 3rd Cir., 1970); Middleton v. Consolidated Underwriters, 185 So.2d 307 (La.App. 1st Cir., 1966); Ashley v. Nissan Motor Corp. in U. S. A., 321 So.2d 868 (La.App. 1st Cir., 1975). See also The Work of the Louisiana Appellate Courts for the 1965 & 66 TermEvidence, 27 La.L.Rev., pp. 552-556 and Pugh, Louisiana Evidence Law, pp. 115-117.