DOUCET, Judge.
Tommie Frazier brought this suit to recover damages for personal injuries that he sustained when a 1977 Chevrolet Van that he was driving was rear-ended by a 1970 Peterbilt truck owned by Cotton Brothers Baking Company, Inc. and driven by its employee, Charles Sullivan. The collision occurred on July 2,1978 while plaintiff was stopped at a traffic light at the intersection of Louisiana Highway 28 and Edgewood Drive in Pineville, Louisiana. Sullivan claimed that he was unable to stop because the brakes on the truck had failed without warning.
Plaintiff named Sullivan, Cotton Brothers, and Cotton Brothers’ insurer, United States Fidelity and Guaranty Company, as defendants to the suit. Fireman’s Fund Insurance Company intervened, claiming subrogation to workmen’s compensation benefits paid to plaintiff in the sum of $844.23. The case was tried before a jury, which found: (1) that Sullivan was not negligent, (2) that Cotton Brothers and its insurer were liable for its failure to maintain proper brakes on the truck, (3) that plaintiff was entitled to general damages in the sum of $1,000.00, and (4) that Fireman's Fund was entitled to recover the benefits it *693 had paid to plaintiff. From a judgment rendered in accordance with those findings, plaintiff appeals.
The first issue raised by plaintiff on appeal concerns the trial judge’s instructions to the jury. Plaintiff contends that the trial judge erred in failing to instruct the jury with regard to the applicability of strict liability under LSA-C.C. Art. 2317. He argues that under that theory the jury would also have found Sullivan liable. We agree that the trial judge erred in this respect. See Sikes v. McLean Trucking Co., 383 So.2d 111 (La.App. 3rd Cir. 1980); Loescher v. Parr, 324 So.2d 441 (La.1975); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, we find that plaintiff was not harmed by the error. The record shows that service of process was never made on Sullivan. Thus, he was never made a defendant to this suit, and the trial court was without jurisdiction to render a judgment against him. LSA-C.C.P. Art. 6.
Since judgment cannot be had against Sullivan, the only remaining issue is plaintiff’s demand for an increase in the amount of general damage.
Plaintiff complained of low back pain and intermittent headaches following the accident. Dr. John T. Weiss, an orthopedist, examined him on July 6, 1978 and diagnosed his injury as a lumbar strain. Dr. Weiss advised him to wear a lumbosacral corset and prescribed a mild analgesic and muscle relaxant to ease his pain. On July 8, 1978, Dr. Weiss released him to go back to work, and he has been working since.
Dr. Babson Fresh, a neurosurgeon, examined plaintiff on August 25, 1978, to determine the cause of his intermittent headaches. Some tenderness was found at the base of his skull on the left side, but there were no external signs of swelling, cuts or bruises. Dr. Fresh diagnosed the headaches as post traumatic and found no evidence of permanent neurological impairment.
Dr. Weiss examined plaintiff on two subsequent occasions and found nothing to contradict his earlier diagnosis. Plaintiff is a large man standing six feet five inches tall and weighing 325 pounds. It is Dr. Weiss’ opinion that if plaintiff were to lose approximately seventy pounds, he would no longer suffer the mild pain in his lower back.
It is well settled that an appellate court may not disturb an award made by a trial court unless the record clearly reveals that the trial judge or jury abused its considerable discretion in making the award. LSA-C.C. Art. 1934(3); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979). In view of the evidence concerning plaintiff’s injuries, all of which indicates that they were far less serious than plaintiff claims, we find no abuse of discretion in this case.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.

AFFIRMED.