DOUCET, Judge.
On July 19, 1984, at approximately 2:00 in the morning, plaintiff-appellant, Donny Jenkins, and his friend, Kip Brown, entered into Charter Marketing Company Service Station (commonly known as Billups) apparently for the purpose of purchasing microwave sandwiches. Defendant-appellee, Francisco Denis, an employee of Billups, was present in the store at this time and was working in his capacity as the store clerk. At this point, there is a conflict in testimony of how the circumstances of the incident unfolded.
Mr. Denis states that plaintiff and his companion, Kip Brown, entered the store, picked up some sandwiches and placed the unopened sandwiches in the microwave oven. Furthermore, Mr. Denis contends that the oven was apparently not working, so he informed plaintiff and his companion of this and offered to check the plug and fuses. Mr. Denis further claims that he walked over to the other side of the store where the fuse box was located only to find that the fuses were in working order. When Mr. Denis returned to the microwave area, he contends that plaintiff had opened his sandwich. Contrary to what Mr. Denis states, plaintiff contends that Mr. Denis did not go over to the other side of the store to check the fuses, and that he did not inform them that the microwave oven was not working until after the sandwiches were opened.
At this point, both parties agree that plaintiff requested that Mr. Denis sell him the sandwich at a reduced price since it could not be warmed up. Mr. Denis refused to sell the sandwich at a reduced price and plaintiff began uttering derogatory comments to Mr. Denis.
Plaintiff and his friend left the store, at which time Mr. Denis opened the door and called out “same to you.” At this point, there is once again conflicting versions of what events followed. Mr. Denis contends that after he yelled “same to you,” plain *198 tiff, along with Kip Brown, began to walk toward Mr. Denis in a threatening manner. Mr. Denis contends that, in self-defense, he kicked him, striking his hand. Plaintiff, on the other hand, denies approaching Mr. Denis in a threatening manner and contends that Mr. Denis kicked him for no reason.
Plaintiff sued Mr. Denis and Charter Marketing Company for personal injuries allegedly sustained as a result of the altercation between the two. Judgment was rendered on November 5, 1985, in favor of defendants and against plaintiff, denying him recovery. Plaintiff thereafter moved for a judgment N.O.Y. and/or a new trial, and the motion was denied. Following a formal judgment denying the motion, plaintiff-appellant instituted this appeal.
On appeal, plaintiff-appellant claims two assignments of error:
1. The verdict of the jury is contrary to law and evidence; and
2. The trial court erred in allowing defendants’ witness, Ronald Leger, to testify regarding the same crimes that were originally brought out in the cross-examination of plaintiff.
ASSIGNMENT OF ERROR NO. 1
Plaintiff-appellant, in his first assignment of error, contends that the verdict of the jury relieving defendants from liability is contrary to law and evidence. Plaintiff supports the above contention by stating that Mr. Denis kicked him for no apparent reason. Although plaintiff readily admits to uttering derogatory comments to Mr. Dennis, he contends that “mere words, even if calculated to excite or irritate, cannot excuse a battery.” Holden v. Straughn, 376 So.2d 1292 (La.App. 2nd Cir. 1979). Thus, plaintiff argues that the store clerk’s acts were unjustified. As such, plaintiff contends that Mr. Denis committed a battery upon him and should therefore be held liable for the damages.
While plaintiff claims that the actions of Mr. Denis were unprovoked, Mr. Denis, as previously stated, has a different version of how the events leading up to the kick unfolded. Mr. Denis contends that he did not kick plaintiff until plaintiff and his companion began coming toward him with their fists up in a threatening manner. Mr. Denis contends that when he kicked plaintiff, his actions were purely in self-defense. If Mr. Denis’ version of the incident is correct, he was within the bounds of the law to defend himself in such a manner.
As the defendants correctly state in their brief:
“As the court can see, the whole crux of this case is credibility. The jury was presented with two (2) versions of how the incident occurred, one by the appellant and one by the appellee. If the jury • accepted the defendant’s version, then his actions were justified and the appellant is not entitled to recover. And, this is precisely what the jury did — they chose to believe the appellee’s version of the incident over that of the appellant. (The trial judge apparently did so also, as is indicated by his Reasons for Judgment denying the appellant’s Motion for a Judgment Notwithstanding the Verdict).”
It is well engrained in our law that questions of fact and credibility are left to the jury and its findings should not be disturbed on appeal unless they are manifestly erroneous. Leleaux v. Home Indemnity Co., 457 So.2d 300 (La.App. 3rd Cir. 1984); Farnsworth v. Lumbermens Mutual Casualty Co., 442 So.2d 1340 (La.App. 3rd Cir.1983). After carefully reviewing the record, we see no manifest error in the jury’s finding that defendant, Mr. Denis, was free from fault. As such, we affirm the judgment of the trial court in favor of defendants and against plaintiff, thereby denying him recovery.
ASSIGNMENT OF ERROR NO. 2
Plaintiff, in his second assignment of error contends that “The trial court erred in allowing Defendants’ witness, Ronald Leg *199 er, to testify regarding the same crimes that were originally brought out in the cross examination of the Plaintiff.” With this contention, we do not agree.
In Middleton v. Consolidated Underwriters, 185 So.2d 307 (La.App. 1st Cir. 1966), the First Circuit, when confronted with a similar situation, stated:
“In every case involving testimonial evidence, the trier of fact, in this case, the jury, is faced with the question whether to believe the testimony of any given witness, or differently phrased, is faced with the task of assessing the credibility of the witness. One of the material factors bearing on the issue of credibility is the character of the witness for truthfulness, and one of the main functions of the cross-examination is to afford an opportunity to elicit answers which will impeach the truthfulness or credibility of the opponent’s witnesses. We therefore believe that prior conviction of a crime and the nature of the crime may be inquired into for impeachment purposes on cross-examination.”
This court, in the case of Fusilier v. Employers Insurance Company of Wausau, 235 So.2d 618 (La.App. 3rd Cir.1970), citing Middleton, supra, allowed the impeachment of a witness in a civil case by showing his convictions for several offenses. This court in Fusilier, supra, stated:
“A trier of fact may consider prior criminal convictions, for the purpose of determining the credibility of the witness.”
Thus, defendants were justified in introducing plaintiff’s prior convictions and guilty pleas. Additionally, the transcript indicates that plaintiff refused to acknowledge prior guilty pleas and convictions, thus, defendants were entitled to introduce additional evidence of the same nature in order to impeach plaintiff’s credibility.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Donny Jenkins, appellant.
AFFIRMED.