567 So.2d 690 (1990)
Herman OFFORD, Jr., Plaintiff-Appellee,
v.
HOLLOWAY CONSTRUCTION COMPANY, et al., Defendants-Appellants.
No. 89-365.
Court of Appeal of Louisiana, Third Circuit.
September 20, 1990.
*691 James P. MacManus, Lafayette, for plaintiff-appellee.
Sutherland, Juge Horack & Dwyer, Teresa C. Leyva, Denis P. Juge, New Orleans, for defendants-appellants.
Steven A. Chandler, Lafayette, for defendant-appellee.
Before DOUCET, KNOLL and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial judge erred in finding plaintiff to be temporarily totally disabled, in awarding penalties and attorney's fees, and in not allowing testimony of a witness and exhibits to be admitted in evidence because the witness' name and the exhibits were not shown on the pre-trial list of witnesses and exhibits as required by a pre-trial order.
Herman Offord, Jr. (hereinafter plaintiff) was injured in an accident which occurred on April 17, 1984 during the course and scope of his employment with Holloway Construction Company. Holloway's worker's compensation insurer is Reliance Insurance Company (Holloway and Reliance are hereinafter collectively referred to as defendants). After trial on the merits, the trial court found plaintiff to be entitled to temporary total disability benefits and awarded $5,000.00 to plaintiff in penalties and attorney's fees. A formal written judgment was signed. Defendants appeal. We affirm in part, reverse in part, and render judgment.

FACTS
On April 19, 1984, plaintiff was driving a water truck. When he attempted to cross a bridge, the bridge floor broke and the truck fell. As a result, plaintiff sustained injuries and, over the course of several years, saw numerous doctors.
At trial, it was stipulated by the parties that the accident occurred during the course and scope of plaintiff's employment and that defendants had paid $18,209.68 in worker's compensation benefits and $21,731.42 in medical expenses. The parties also stipulated that defendants had continued to pay medical expenses related to the accident even though payment of worker's compensation benefits ceased in September, 1985.
The trial court rendered judgment in favor of plaintiff and defendants appeal, asserting the following specifications of error:
(1) The trial court erred in failing to rely on the testimony of expert witnesses to determine that plaintiff was not disabled;
(2) The trial court erred in finding plaintiff temporarily totally disabled;
(3) The trial court erred in awarding penalties and attorney's fees; and
(4) The trial court erred in excluding defendants' impeachment evidence.

LAW
The first and second assignments of error are interrelated and will be discussed together.
The defendants argue, in their first and second assignments of error, that the trial court erred in failing to rely on medical testimony of their experts and in finding plaintiff to be temporarily totally disabled. The trial court carefully considered the testimony of all medical experts and concluded that plaintiff was temporarily totally disabled for the reasons set forth in his written reasons for judgment. After a careful review of the medical evidence in the record, we cannot say that the trial judge *692 was manifestly in error or clearly wrong in his findings of fact.
Defendants contend, in their third assignment of error, that the trial judge erred in awarding penalties and attorney's fees to the plaintiff. In his written reasons for judgment, the trial judge stated:
"In refusing to finance therapy and further treatment, and in view of the medical, the Court believes and finds the defendant is subject to penalties and attorney's fees of $5,000.00.
The medical and credits are well defined and are allowed."
However, at trial the parties stipulated that medical expenses related to the accident continued to be paid. The stipulation in the record reads:
"MS. LEYVA:
[defendant] So far the defendants have paid $18,209.68 in indemnity benefits to Mr. Offord. That they paid on behalf of Mr. Offord $21,731.42 for medical expenses and have continued to pay any expenses which have been submitted.

MR. MCMANUS:
[plaintiff] To be exactly, it says medical expenses continued to be paid by defendants.

THE COURT: They will pay them?
MS. LEYVA: No, it doesn't say, will, it says continue to pay.
MR. MCMANUS: Medical expenses continue to be paid by defendants.

THE COURT: All right, I understand what you're saying but I don't understand why you're doing it though. Go ahead." (Emphasis added.)
There is little evidence in the record that defendants did not pay any accident related medical bills when submitted. There is only one bill in the record, an undeterminable portion of which is, or was, owed for services not related to the accident under the trial judge's findings of fact, which was not paid. There is no evidence that defendants acted arbitrarily or capriciously in any manner that would justify the award of penalties and attorney's fees under La. R.S. 23:1201.2, et seq.
For these reasons we find that the trial court was manifestly in error and clearly wrong in awarding plaintiff penalties and attorney's fees and we reverse the judgment for penalties and attorney's fees in favor of plaintiff and against defendants.
The defendants contend, in their fourth assignment of error, that the trial court erred in not allowing certain evidence to be introduced at trial for impeachment because it was not listed and disclosed as required by a pre-trial order. At trial, plaintiff testified as to his condition. He stated during cross-examination, for example, that he could only walk with his cane and that he walked with a shuffle at all times. However, defense counsel did not ask plaintiff about any specific times when plaintiff was able to perform activities without his cane or without a shuffle. Rather, during defendants' case in chief, defense counsel called a private investigator to the stand and attempted to introduce, through the investigator's testimony, video tapes purportedly showing plaintiff doing things he said he could not do.
Plaintiff's attorney objected to testimony by the investigator and the video tapes because his name had not been listed as a witness nor the video tapes as an exhibit as required by the pre-trial order. Defendants argue that, since the testimony and video of the investigation were impeachment evidence, it did not have to be listed. The trial judge did not allow the evidence to be introduced at trial, but did allow a proffer of the evidence for the record.
The evidence sought to be introduced by defendant is not "impeachment" evidence. Rather, it is direct evidence of plaintiff's condition. Defendants did not ask plaintiff about the particular video taped incidents. Plaintiff never denied these incidents, and therefore, additional extrinsic evidence for impeachment was not proper. See, Jenkins v. Charter Marketing Co., 502 So.2d 197 (La.App. 3 Cir.1987).
Instead, the testimony and video tapes were offered as direct evidence, this evidence purporting to contradict that offered by the plaintiff, not impeach him.
*693 The pre-trial order required the listing of all witnesses and exhibits. Defendants failed to list the name of the investigator or the video tapes. The fact that the video tapes were made the day preceding trial and the morning of trial is not relevant. Defendants did not move to amend its list of witnesses or exhibits. Additionally, we note that the trial was started on August 12, 1988, was continued, and then completed, on August 17, 1988. Defendants' tapes were made on August 11, 1988 and August 12, 1988, but they were not offered at trial until August 17, 1988. Defendants had ample time to seek amendment of their list of witnesses and exhibits, before the evidence was offered at trial, but did not do so.
Additionally, under the circumstances of this case, plaintiff would have been highly prejudiced had the video tapes been allowed into evidence on August 17th. The First Circuit Court of Appeal has recently recognized the unique problems associated with video tapes, such as alterations, and noted that effective cross-examination of rebuttal evidence cannot be prepared in the brief interval between disclosure of the video at trial and the subsequent cross-examination. See, Collins v. Crosby Group, Inc., 551 So.2d 42 (La.App. 1 Cir.1989), writ den., 556 So.2d 39 (La.1990). The same holds true in the case now before this court.
Lastly, we observe that after the close of the note of evidence, and after plaintiff's counsel had an opportunity to view the video tapes, plaintiff filed a motion to re-open the note of evidence, to withdraw his objection to the admission of the video tapes, to allow the introduction of the video tapes, and to allow plaintiff to present evidence to rebut the video tapes. The trial judge denied plaintiff's motion because defendants opposed this Motion.
The theory behind pre-trial procedure is the orderly disposition of a case and to avoid surprise. Martin v. Hertz Corp., 533 So.2d 1365 (La.App. 3 Cir.1988), writ den., 535 So.2d 746 (La.1989); Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2 Cir.1983), writ den., 442 So.2d 461 (La.1983). The trial judge has discretion to modify the pre-trial order, but "that discretion is necessarily controlled by the principle that it must be exercised to prevent substantial injustice to the parties who have relied on the pre-trial rulings or agreements and structured the preparation and presentation of their cases accordingly ..." Martin v. Hertz Corp., supra, at page 1369. See also Llorence v. Natchitoches Parish School Board, 529 So.2d 479 (La.App. 3 Cir.1988), writ den., 532 So.2d 176 (La. 1988); Buxton v. Evans, 478 So.2d 736 (La.App. 3 Cir.1985), writ den., 479 So.2d 921 (La.1985).
Under the circumstances of this case, we find that the trial judge did not abuse his discretion in not allowing the testimony of the investigator and the video tapes into evidence. The evidence was not listed or disclosed as required by the pre-trial order. Further, the defendants, in effect, themselves prevented the introduction of the evidence by objecting to plaintiff's motion to reopen the note of evidence for that purpose.
For the foregoing reasons, we affirm the judgment of the trial court finding plaintiff to be temporarily totally disabled, and reverse the judgment awarding penalties and attorney's fees. All costs of the trial and appellate courts are to be equally paid by plaintiff-appellee and defendants-appellants.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.