WOODARD, Judge,
dissenting,
The issue of liability in the case sub judice turns solely on the credibility of both parties and their respective “eye witnesses.” Thus, justice would best be served by remanding this case for a new trial, permitting the introduction of plaintiffs proffered impeachment evidence.
While we may surmise that the trial court may well have intended that impeachment evidence, such as that proffered by plaintiff, be listed on the pre-trial checklist in order to be admissible at trial, the record is devoid of evidence which would substantiate that precept, neither does the pre-trial order does not so specify on its face, nor is there evidence to suggest that this was known to be standard operating procedure in this particular court.
The judicial rules of the Twenty-Seventh Judicial District Court do not specifically refer to impeachment evidence.
*975 In Lefort v. Meibaum Bros Inc., 321 So.2d 824 (La.App. 4th Cir.1975), the court found that although the defendants failed to list a voice recording of plaintiff in the pretrial note of evidence in this worker’s compensation proceeding did not render the recording inadmissible. This recording was direct, not impeachment, evidence. The court also urged that “... rules of procedure implement the substantive law and are not an end in themselves ... that reasonable flexibility in admitting evidence is a necessity in some eases to avoid substantive injustice.” Id, at 826.
In the case of Offord v. Holloway Construction Company, 567 So.2d 690 (La.App. 3 Cir.1990), the parties were issued a pre-trial order similar to that in the case sub judice. They were required to list all witnesses and exhibits. The court held that a private investigator’s videotape showing the worker’s compensation claimant doing things he said he could not do likewise should have been listed, as it was direct, not impeachment, evidence. In so ruling, it implied that, on the contrary, impeachment evidence would not have been required to be listed in order to be admissible.
Notwithstanding, with a remand, the issue of admissibility of the impeachment tape would become mute since defendant now has notice.